UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL L. BERRY,

                Petitioner,

  v.

STATE,

                Respondent.

Case No. C15-495 RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner Daryl L. Berry filed a petition for writ of habeas corpus and application for leave to proceed *in forma pauperis* (IFP) in this Court on March 27, 2015. Dkt. 1. The undersigned recommends that the petition be dismissed without prejudice for failure to exhaust state judicial remedies and the IFP application denied as moot.

## BACKGROUND

A review of Washington state court records shows that Mr. Berry was convicted on December 16, 2013 and sentenced on February 7, 2014 in King County Superior Court Case No. 13-1-10866-2[1]. The records also reflect that Mr. Berry appealed his conviction and sentence to the Washington Court of Appeals on March 10, 2014 in Case No. 716280[2]. That appeal remains pending. Dkt. 1-2, at 2.

---

[1] Mr. Berry refers to Case No. 13-096881 on page 1 and Case No. 13-1-10866-2 on p 2 of his habeas petition.
[2] http://dw.courts.wa.gov/index.cfm?fa=home.namelist

REPORT AND RECOMMENDATION- 1

## DISCUSSION

Mr. Berry may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  A state prisoner must present the state courts with the same claim he urges upon the federal courts.  *Picard, supra.*

The issues raised by Mr. Berry in his direct appeal are still pending in the Washington Court of Appeals and have not yet been raised in the Washington Supreme Court.  Therefore, Mr. Berry has not fully exhausted his claims in the state appellate courts.  Mr. Berry's petition should be dismissed without prejudice to the filing of a federal habeas petition after he has exhausted his state judicial remedies**.**  An evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regards to Mr. Berry's habeas petition. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Court recommends a COA not be issued.  No jurist of reason could disagree

REPORT AND RECOMMENDATION- 2

with the Court's determination that Mr. Berry's claims are not yet exhausted. Mr. Berry should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief. Here, the Court cannot grant relief because Mr. Berry has not yet exhausted his state court remedies. The Court therefore recommends that Mr. Berry's § 2254 petition be **DISMISSED without prejudice** and his IFP application **Denied.** The Court also recommends denying issuance of a COA.

A proposed Order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by Tuesday **April 21, 2015**. The matter will be ready for Court's consideration on Thursday, **April 23, 2015** and the Clerk should so note it. Objections shall not exceed seven pages. The failure to timely object may affect the right to appeal.

The Clerk shall also provide a copy of this Report and Recommendation to Petitioner and to the Honorable Robert S. Lasnik.

Dated this 1st day of April, 2015.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3